UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NATIONSTAR MORTGAGE LLC, | ) ) |
| Plaintiff, | ) ) 2:15-cv-01636-RCJ-CWH |
| vs. | ) ) |
| LVDG LLC et al., | ) **ORDER** ) |
| Defendants. | ) ) |

This action arises out of a homeowners association foreclosure sale. Pending before the Court are: (1) Defendant Alessi & Koenig LLC's ("Alessi") Motion for Leave to File Excess Pages (ECF No. 24), Motion for Order Granting Nonmonetary Status (ECF No. 26), and Declaration of Nonmonetary Status (ECF No. 27); and (2) Plaintiff Nationstar Mortgage LLC's ("Nationstar") Motion for Summary Judgment (ECF No. 20).

**I.   FACTS AND PROCEDURAL HISTORY**

In November 2008, Defendants Liliana and Angelica Castellon-Moreno purchased real property in Las Vegas, Nevada ("the Property"), subject to the Covenants, Conditions, and Restrictions ("CC&Rs") of Sutter Creek Homeowners Association ("the HOA"). (Compl. ¶¶ 8, 13, 25, ECF No. 1). On October 30, 2013, after the Castellons had failed to pay regular assessments under the CC&Rs, Alessi conducted a non-judicial foreclosure sale on behalf of the HOA, whereby Defendant LVDG LLC ("LVDG") acquired the Property for $8,800. (*Id.* at ¶¶

16–22.) Thereafter, on July 24, 2014, a corporate assignment of deed of trust was executed purporting to assign the note and first deed of trust ("DOT") to Nationstar. (*Id.* at ¶ 15.)

On August 25, 2015, Nationstar brought this action against Defendants for quiet title, declaratory relief, wrongful foreclosure, negligence, negligence per se, breach of contract, misrepresentation, unjust enrichment, and breach of the covenant of good faith and fair dealing. Nationstar is primarily seeking a declaration that the DOT was not extinguished by the HOA foreclosure sale.

## II. SUMMARY JUDGMENT STANDARD

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court uses a burden-shifting scheme. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citation and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24.

If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). However, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50. Notably, facts are only viewed in the light most favorable to the non-moving party where there is a genuine dispute about those facts. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. ANALYSIS

#### a. Alessi's Declaration of Nonmonetary Status

On August 1, 2016, Alessi filed a declaration of nonmonetary status under NRS 107.029. (ECF No. 27.) Alessi also filed a Motion for Order Granting Nonmonetary Status and a 48-page

brief in support thereof. (ECF Nos. 26, 28.) Pursuant to Local Rule 7-3(c), Alessi sought leave of the Court to exceed the 24-page limit applicable to miscellaneous pre-trial motion briefs. (ECF No. 24.) As Judge Dorsey of this District recently noted—in a substantially similar case where Alessi filed a nearly identical brief—Alessi's brief is egregiously excessive, and Alessi has not made a sufficient showing of good cause. *See Nationstar Mortgage LLC v. Copper Sands Homeowners Association, Inc.*, 2:16-cv-01218-JAD-GWF (D. Nev. Aug. 8, 2016) (order denying motion for leave to file excess pages).

More importantly, however, it seems Alessi has misapprehended the procedural framework of NRS 107.029. The statute does not require, nor even permit, a party to move the Court for an order granting nonmonetary status. Rather, the party seeking the statute's protection simply files and serves a declaration setting forth (1) the party's status as trustee under the deed of trust, and (2) the factual basis for the trustee's "reasonable belief that he or she has been named as a defendant in the action solely in his or her capacity as trustee and not as a result of any wrongful act or omission made in the performance of his or her duties as trustee." NRS 107.029(1)(a)–(b). Unlike a motion, a declaration of nonmonetary status does not require the Court to act. Indeed, the only action the statute requires—or expressly permits—the Court to take is to rule on a timely objection to the declaration. NRS 107.029(4)–(5). The statute provides: "If no objection is raised within the 15-day period pursuant to subsection 3 . . . the trustee is not required to participate any further in the action and is not subject to any money damages or attorney's fees or costs . . . ." NRS 107.029(5). The same result is reached if a party timely objects but the court determines the objection to be invalid. *Id.*

Here, Alessi filed a declaration of nonmonetary status in accordance with the statute. Therefore, not only is its related motion overlong, it is entirely superfluous. In addition,

Nationstar timely objected to Alessi's declaration.[1] (ECF No. 29.) Therefore, under paragraph 4 of NRS 107.029, the Court is required to "examine the declaration of nonmonetary status and the objection and . . . *issue an order as to the validity of the objection*." (Emphasis added.) For the reasons given in *Alessi & Koenig LLC v. Silverstein*, No. 3:15-cv-00520, 2016 WL 4487848-RCJ-WGC (D. Nev. Aug. 24, 2016) (order rejecting declaration of nonmonetary status), the Court sustains Nationstar's objection. Alessi has failed even to assert that it is a trustee under the deed of trust.[2] The Court's analysis in its above-cited order is equally applicable to the instant matter, and it need not be reproduced here.

### b. Nationstar's Summary Judgment Motion

#### i. Quiet Title and Declaratory Relief

On November 4, 2016, after this motion was briefed, the Ninth Circuit Court of Appeals denied a petition for en banc rehearing in *Bourne Valley Ct. Tr. v. Wells Fargo Bank, N.A.*, No. 15-15233 (9th Cir. Nov. 4, 2016.). In *Bourne Valley*, the Ninth Circuit ruled that the pre-2015 opt-in notice scheme of Chapter 116 is facially unconstitutional under the Due Process Clause of the Fourteenth Amendment. That ruling is enough to settle the declaratory judgment and quiet title claims in favor of Nationstar as a matter of law with respect to the HOA's foreclosure. The HOA's foreclosure did not extinguish the DOT against the Property. The Ninth Circuit's denial of en banc rehearing also moots LVDG's request for a stay.

/ / /

---

[1] Because Nationstar timely objected, the Court need not consider, and states no opinion on, whether NRS 107.029 permits a court to reject a declaration of nonmonetary status in the absence of a timely objection, if the court determines that the declaration fails to meet the requirements of the statute. For example, where, as here, the declarant is not a trustee under the deed of trust and is entitled to no protection under NRS 107.029, it is unclear whether a court may deny nonmonetary status *sua sponte*.

[2] Notwithstanding the denial of Alessi's related motions (ECF Nos. 24 & 26), the Court notes that Alessi has also failed to make this assertion in its moving papers.

#### ii.  Nationstar's Remaining Causes of Action

Nationstar has captioned its motion as a motion for summary judgment (as opposed to a motion for partial summary judgment), and specifically requests summary judgment "on all claims against the HOA." (Mot. Summ. J. 21, ECF No 20.) However, Nationstar has only expressly argued one of the nine causes of action alleged in its Complaint. Having received the declaratory relief that was the primary object of its case, Nationstar may no longer wish to pursue its remaining claims. However, the Court is not inclined to dispose of causes of action on summary judgment when neither party has addressed them. *See* Fed. R. Civ. P. 56(f) (requiring courts to provide "notice and a reasonable time to respond" before granting summary judgment for a non-movant or on grounds not raised by a party). Therefore, the Court construes Nationstar's motion as a motion for *partial* summary judgment, and only grants summary judgment as to Nationstar's first cause of action for quiet title and declaratory relief.

## CONCLUSION

IT IS HEREBY ORDERED that Nationstar's objection to Alessi's Declaration of Nonmonetary Status (ECF No. 29) is SUSTAINED. Pursuant to NRS 107.029(4), Alessi is required to participate in this action.

IT IS FURTHER ORDERED that Alessi's Motion for Leave to File Excess Pages (ECF No. 24) and Motion for Order Granting Nonmonetary Status (ECF No. 26) are DENIED as moot.

IT IS FURTHER ORDERED that Nationstar's Motion for *Partial* Summary Judgment (ECF No. 20) is GRANTED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge

March 2, 2017