**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NATIONSTAR MORTGAGE, LLC, | |
| Plaintiff, | 2:15-cv-01636-RCJ-CWH |
| vs. | **ORDER** |
| LVDG, LLC et al., | |
| Defendants. | |

This action arises out of a homeowners association foreclosure sale. Pending before the Court is Defendant LVDG, LLC's ("LVDG") Motion for Reconsideration. (ECF No. 41.) For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

In November 2008, Defendants Liliana and Angelica Castellon-Moreno purchased real property in Las Vegas, Nevada ("the Property"), subject to the Covenants, Conditions, and Restrictions ("CC&Rs") of Sutter Creek Homeowners Association ("the HOA"). (Compl. ¶¶ 8, 13, 25, ECF No. 1). On October 30, 2013, after the Castellons had failed to pay regular assessments under the CC&Rs, Defendant Alessi & Koenig LLC ("Alessi") conducted a non-judicial foreclosure sale on behalf of the HOA, whereby LVDG acquired the Property for $8,800, despite an appraised value of $117,000. (*Id.* at ¶¶ 16–22; Appraisal Report, ECF No. 20-8 at 6–31.) Thereafter, on July 24, 2014, a corporate assignment of deed of trust was executed

purporting to assign the first deed of trust ("DOT") on the Property to Plaintiff Nationstar Mortgage, LLC ("Nationstar"). (*Id.* at ¶ 15.) On August 25, 2015, Nationstar brought this action asserting various claims against Defendants, primarily seeking a declaration that the DOT was not extinguished by the HOA foreclosure sale.

On March 6, 2017, the Court granted summary judgment for Nationstar on the claim of quiet title. (Order, ECF No. 40.) The Court held that the HOA's foreclosure sale could not have extinguished the DOT because the sale was conducted pursuant to NRS 116.3116, and the Ninth Circuit had recently ruled in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), that the statute's opt-in notice provisions are facially unconstitutional. LVDG now argues that the Court committed error in granting summary judgment on this basis, and asks the Court to reconsider its ruling. (Mot. Recon., ECF No. 41.)

## II. LEGAL STANDARD

Granting a motion to reconsider is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). In some cases, "other, highly unusual, circumstances" may also warrant reconsideration. *Id.*

However, a motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013). Moreover, "[a] motion to reconsider is not a second chance for the losing party to make its

strongest case or to dress up arguments that previously failed." *United States v. Huff*, 782 F.3d 1221, 1224 (10th Cir.), *cert. denied*, 136 S. Ct. 537 (2015).

**III. ANALYSIS**

    **a. The Scope and Effect of *Bourne Valley***

In *Bourne Valley*, the Ninth Circuit held that the "opt-in notice scheme" of NRS 116.3116—included in the statute until its amendment in October 2015—was facially unconstitutional because it violated the procedural due process rights of mortgage lenders. In its ruling, the Court of Appeals found the state action requirement of the petitioner's Fourteenth Amendment challenge was met, because "where the mortgage lender and the homeowners' association had no preexisting relationship, the Nevada Legislature's enactment of the Statute is a 'state action.'" *Bourne Valley*, 832 F.3d at 1160. In other words, because a mortgage lender and HOA generally have no contractual relationship, it is only by virtue of NRS 116.3116 that the mortgage lender's interest is "degraded" by the HOA's right to foreclose its lien. *Id.* Accordingly, by enacting the statute, the Legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159 (quoting *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 795 (1983)). The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.* at 1159.

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS 116.3116 would pass constitutional muster. *See United States v. Salerno*, 481

U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *see also William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 789 (9th Cir. 2014) (applying *Salerno* to facial substantive due process challenge under the Fifth and Fourteenth Amendments). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not violate the constitution, then a facial challenge to the statute would necessarily fail. *See William Jefferson & Co.*, 695 F.3d at 963 ("If William Jefferson's as-applied challenge fails, then William Jefferson's facial challenge necessarily fails as well because there is at least one set of circumstances where application of § 31000.7 does not violate a taxpayer's procedural due process rights."); *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS 116.3116, which it pinpointed in NRS 116.31163(2). *Bourne Valley*, 832 F.3d at 1158; *see also Bank of Am., N.A. v. SFR Investments Pool 1 LLC*, No. 2:15-cv-691, 2017 WL 1043286, at *9 (D. Nev. Mar. 17, 2017) (Mahan, J.) ("The facially unconstitutional provision, as identified in *Bourne Valley*, is present in NRS 116.31163(2)."). In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are

unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

Accordingly, the HOA foreclosed under a facially unconstitutional notice scheme, and thus the HOA foreclosure cannot have extinguished the DOT.

### b. LVDG's Motion to Reconsider (ECF No. 41)

LVDG has not presented a basis for the Court to reconsider its order. There is no newly discovered evidence, the Court did not commit clear error, and there has been no intervening change in controlling law. LVDG asserts that the Nevada Supreme Court recently ruled contrary to *Bourne Valley*. *See Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970, 974 (Nev. 2017). But state court rulings on federal issues (i.e., the constitutionality of NRS Chapter 116 under the U.S. Constitution) are only potentially persuasive authority. The Ninth Circuit's rulings are binding on this Court. Moreover, to the extent LVDG now raises arguments it failed to raise in response to the summary judgment motion, the Court declines to consider them. A motion to reconsider "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll*, 342 F.3d at 945; *see also United States v. Lopez-Cruz*, 730 F.3d 803, 811–12 (9th Cir. 2013).

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that LVDG's motion to reconsider (ECF No. 41) is DENIED.

IT IS SO ORDERED.

DATED: This 23rd day of May, 2017.

_____
ROBERT C. JONES
United States District Judge